**CHOICE HOTELS INTERNATIONAL, INC., Plaintiff–Appellee,**

v.

**Ramesh BHATIA, Defendant–Appellant.**

**No. 05–5788–CV.**

United States Court of Appeals, Second Circuit.

May 16, 2006.

Raymond L. Vandenberg (Debra Kobrin Levy, on the brief), Vandenberg & Feliu, LLP, New York, NY, for Appellant.

Steven D. Karlin, Platzer Swergold Karlin Levine Goldberg & Jaslow, LLP, New York, NY, for Appellee.

PRESENT: WILFRED FEINBERG, SONIA SOTOMAYOR, and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Ramesh Bhatia appeals from the entry of a default judgment, arguing that the district court erred in denying his motion pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure to vacate the default judgment as void. We assume the parties' familiarity with the facts of this case, its relevant procedural history, and the issues on appeal.

As a preliminary matter, we reject Bhatia's argument that the fact that the process server signed the affidavit of service outside of the presence of a notary public, standing alone, rendered the default judgment necessarily void and therefore required the district court to grant Bhatia's motion pursuant to Rule 60(b)(4). Although Rule 4(l) provides that the process server "shall make proof [of service] to the court," the Rule provides also that "[f]ailure to make proof of service does not affect the validity of the service." Fed. R.Civ.P. 4(l). We similarly reject Bhatia's claim that filing the unsworn affidavit of service constituted a fraud upon the district court in Maryland. As the district court concluded, Bhatia has proffered no evidence of an unconscionable scheme designed to improperly influence the court or

to prevent Bhatia from fully and fairly presenting his case. *See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004). We thus consider the district court's factual finding that Bhatia was served with process on December 4, 2001.

Although we review *de novo* a district court's denial of a Rule 60(b)(4) motion, *id.* at 178, we review a district court's findings of fact underlying its disposition of a Rule 60(b)(4) motion for clear error. *See* Fed. R.Civ.P. 52(a). "When findings are based on determinations regarding the credibility of witnesses, Rule 52(a) demands even greater deference to the trial court's findings." *Anderson v. City of Bessemer City*, 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). Having reviewed the record in this case, we are not left with a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Although the process server could not testify with certainty that he had served process on Bhatia on December 4, 2001, the process server testified that he had served process on someone at Bhatia's address and that he had no doubt in his mind that he had served the process on a person who identified himself as Bhatia. Bhatia and three other defense witnesses who were friends or employees of Bhatia's, by contrast, testified that Bhatia was at a birthday party at 8:00 on December 4, 2001. On the record before us, however, we decline to second-guess the district court's decision to credit the process server's testimony and to discredit the testimony of the defense witnesses. We therefore conclude that the district court neither clearly erred in finding that Bhatia was served with process nor erred in denying Bhatia's Rule 60(b)(4) motion.

For the foregoing reasons, the judgment of the district court is AFFIRMED.